

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SOUTHERN DIVISION

OTTO P. CAMPO,            CASE NO.: 98-363-CIV-GRAHAM
                                                    (Magistrate Judge Brown)

       Plaintiff

vs.

SCHERING-PLOUGH CORPORATION,
SCHERING SALES CORPORATION, and
KEY PHARMACEUTICALS, INC.,

       Defendants.
_____/

### AMENDED COMPLAINT

Plaintiff OTTO P. CAMPO ("Campo") sues Defendants SCHERING-PLOUGH CORPORATION, SCHERING SALES CORPORATION, and KEY PHARMACEUTICALS, INC. (collectively referred to as "Schering"), and alleges the following:

### Introduction, Jurisdiction & Venue

1. This is a civil action by Campo for damages and other relief arising from Schering's violations of the Age Discrimination in Employment Act of 1967 ("the ADEA"), as amended, 29 U.S.C. §§ 621 et seq., Title I of the Americans with Disabilities Act of 1990 ("the ADA"), as amended, 42 U.S.C.

§§ 12101 et seq., and the Florida Civil Rights Act of 1992 ("the FCRA"), as amended, Florida Statutes ch. 760 (1996).

2. The Court has jurisdiction over the claims arising under federal law pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the claim arising under Florida law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in or around Dade County, Florida.

4. Campo has complied with all administrative and other conditions precedent to the maintenance of this action.

### Facts Applicable To All Counts

5. Campo is a 57-year old man who at all times material to this Complaint was an "employee" of Schering within the meaning of the ADEA, the ADA, and the FCRA.

6. Schering Sales Corporation and Key Pharmaceuticals, Inc. are, upon information and belief, wholly owned operating subsidiaries of Schering-Plough Corporation, a multinational holding company.

7. Schering-Plough Corporation, through its many foreign and domestic operating subsidiaries, including Schering Sales Corporation and Key Pharmaceuticals, is engaged in the development, manufacture, marketing, and sale of pharmaceuticals and health-care products throughout the world, employs in ex-

cess of 20,000 people, and had consolidated sales in excess of $5 billion in each of the last four calendar years.

8. At all times material to this Complaint, Schering-Plough Corporation, Schering Sales Corporation, and Key Pharmaceuticals, Inc. were either jointly or individually Campo's "employer" within the meaning of the ADEA, the ADA, and the FCRA.

9. Campo has worked as a pharmaceutical sales representative for Schering, or its corporate predecessors, for approximately 15 years in the same South Florida sales territory, which at the time material to this Complaint was known as District 11.

10. In or about the summer or autumn of 1996, Schering created a position for District 11 known as a District Account Representative, commonly known among Schering employees as "DAR."

11. The DAR position is more prestigious and, based on information and belief, involves higher actual and potential compensation and benefits than the sales representative position occupied by Campo.

12. Campo was qualified for the DAR position and would have applied for the job had he been aware of its availability.

13. In or about the autumn of 1996, Schering announced the availability of the District 11 DAR position to a select number of sales representatives, and solicited applications for the position.

14. At the time this position was announced, Campo was 56 years old and was suffering from a "disability" within the meaning of the ADA and a "handicap" within the meaning of the FCRA: that is, Campo either had, had a record of having, or was regarded by Schering and its local management as having one or more physical or mental impairments that substantially limited a major life activity.

15. Information regarding the existence and availability of the DAR position was purposely withheld from Campo so that he would not know of the position and therefore would not apply for it.

16. Campo did not apply for the DAR position because he was unaware of its availability due to the conduct of Schering and its management.

17. In or about December 1996, Schering awarded the DAR position to a person substantially younger than Campo who, based on information and belief, did not suffer from any known disability or handicap.

18. When he learned of the DAR appointment in December 1996, Campo immediately objected to Schering's unlawful exclusion of him from the selection process.

19. Following his objection and complaints to management, Campo's sales areas within District 11 were altered in a manner that left him with a disproportionate number of traditionally difficult or unproductive areas.

20. Campo has engaged the services of the undersigned counsel and has agreed to pay reasonable attorney's fees and related costs for these services.

### Count I: Employment Discrimination Under the ADEA

21. Campo realleges the allegations of paragraphs 1 through 20.

22. Schering failed to hire Campo for the DAR position, otherwise discriminated against Campo with respect to the terms, conditions, and privileges of his employment, and limited Campo in a way that would deprive or tend to deprive him of employment opportunities, in substantial motivating part because of Campo's age, in violation of 29 U.S.C. § 623(a).

23. Schering's officers, employees, and agents acted knowingly and in willful disregard of the ADEA in committing these actions.

24. As a result of these actions, Campo has suffered economic damages including lost wages, commissions, bonuses, and other forms of benefits and compensation.

Wherefore, Campo demands judgment against Schering for injunctive relief, economic damages, including lost back pay, front pay, and benefits, liquidated damages, attorney's fees and costs, and such other relief as the Court deems appropriate.

### Count II: Employment Discrimination Under the ADA

25. Campo realleges the allegations of paragraphs 1 through 20.

5

26. Campo was at all times material to this Complaint a qualified individual with a disability within the meaning of the ADA.

27. Schering was at all times material to this Complaint a covered entity within the meaning of the ADA.

28. Schering failed to hire Campo for the DAR position and otherwise discriminated against him with respect to job application procedures, and the hiring, advancement, and other terms, conditions, and privileges of employment, in substantial motivating part because of a disability, in violation of 42 U.S.C. § 12112.

29. Schering's officers, employees, and agents acted knowingly, with malice, or with reckless indifference to Campo's federally protected rights.

30. As a result of these actions, Campo has suffered economic damages including lost wages, commissions, bonuses, and other forms of benefits and compensation, and emotional and physical damage including humiliation, mental anguish, loss of dignity, stress, depression, and anxiety.

Wherefore, Campo demands judgment against Schering for injunctive relief, economic damages, including lost back pay, front pay, and benefits, compensatory damages, punitive damages, attorney's fees and costs, and such other relief as the Court deems appropriate.

### Count III: Unlawful Retaliation Under the ADEA

31. Campo realleges the allegations of paragraphs 1 through 20.

32. Schering restructured Campo's sales areas, in violation of 29 U.S.C. § 623(d), in substantial motivating part in reaction to Campo's stated opposition to his exclusion from the DAR selection process on account of his age and actual or perceived disability.

33. Schering's officers, employees, and agents acted knowingly and in willful disregard of the ADEA in committing these actions.

34. As a result of these actions, Campo has suffered, or will in the future suffer, substantially diminished sales productivity, diminished earnings and benefits, and endangered job security caused by Schering's manipulation of his sales areas.

Wherefore, Campo demands judgment against Schering for injunctive relief, economic damages including lost back pay, front pay, and benefits, liquidated damages, attorney's fees and costs, and such other relief as the Court deems appropriate.

### Count IV: Unlawful Retaliation Under the ADA

35. Campo realleges the allegations of paragraphs 1 through 20.

36. Schering restructured Campo's sales areas, in violation of 42 U.S.C. § 12203, in substantial motivating part in reaction to Campo's stated opposition

to his exclusion from the DAR selection process on account of his age and actual or perceived disability.

37. Schering's officers, employees, and agents acted knowingly, with malice, or with reckless indifference to Campo's federally protected rights.

38. As a result of these actions, Campo has suffered, or will in the future suffer, substantially diminished sales productivity, diminished earnings and benefits, and endangered job security caused by Schering's manipulation of his sales areas, together with emotional and physical damage including humiliation, mental anguish, loss of dignity, stress, depression, and anxiety.

Wherefore, Campo demands judgment against Schering for injunctive relief, economic damages, including lost back pay, front pay, and benefits, compensatory damages, punitive damages, attorney's fees and costs, and such other relief as the Court deems appropriate.

### Count V: Age Discrimination Under the FCRA

39. Campo realleges the allegations of paragraphs 1 through 20.

40. Schering failed to hire Campo for the DAR position, otherwise discriminated against Campo with respect to the terms, conditions, and privileges of his employment, and limited Campo in a way that would deprive or tend to deprive him of employment opportunities, in substantial motivating part because of Campo's age, in violation of Florida Statute ch. 760.10.

41. Schering's officers, employees, and agents acted knowingly and in willful disregard of the FCRA in committing these actions.

42. As a result of these actions, Campo has suffered economic damages including lost wages, commissions, bonuses, and other forms of benefits and compensation, and emotional and physical damage including humiliation, mental anguish, loss of dignity, stress, depression, and anxiety.

Wherefore, Campo demands judgment against Schering for injunctive relief, economic damages, including lost back pay, front pay, and benefits, compensatory damages, punitive damages, attorney's fees and costs, and such other relief as the Court deems appropriate.

### Count VI: Handicap Discrimination Under the FCRA

43. Campo realleges the allegations of paragraphs 1 through 20.

44. Campo was at all times material to this Complaint an individual with a handicap within the meaning of the FCRA.

45. Schering failed to hire Campo for the DAR position and otherwise discriminated against him with respect to job application procedures, and the hiring, advancement, and other terms, conditions, and privileges of employment, in substantial motivating part because of a handicap, in violation of Florida Statute ch. 760.10.

46. Schering's officers, employees, and agents acted knowingly, with malice, or with reckless indifference to Campo's rights.

9

47. As a result of these actions, Campo has suffered economic damages including lost wages, commissions, bonuses, and other forms of benefits and compensation, and emotional and physical damage including humiliation, mental anguish, loss of dignity, stress, depression, and anxiety.

Wherefore, Campo demands judgment against Schering for injunctive relief, economic damages, including lost back pay, front pay, and benefits, compensatory damages, punitive damages, attorney's fees and costs, and such other relief as the Court deems appropriate.

### Count VII: Unlawful Retaliation Under the FCRA

48. Campo realleges the allegations of paragraphs 1 through 20.

49. Schering restructured Campo's sales areas, in violation of Florida Statute ch. 760.10, in substantial motivating part in reaction to Campo's stated opposition to his exclusion from the DAR selection process on account of his age and actual or perceived handicap or disability.

50. Schering's officers, employees, and agents acted knowingly and in willful disregard of the FCRA in committing these actions.

51. As a result of these actions, Campo has suffered, or will in the future suffer, substantially diminished sales productivity, diminished earnings and benefits, and endangered job security caused by Schering's manipulation of his sales areas, together with emotional and physical damage including humiliation, mental anguish, loss of dignity, stress, depression, and anxiety.

Wherefore, Campo demands judgment against Schering for injunctive relief, economic damages, including lost back pay, front pay, and benefits, compensatory damages, punitive damages, attorney's fees and costs, and such other relief as the Court deems appropriate.

### Demand For Jury Trial

52. Campo demands a trial by jury of all issues so triable.

>  Respectfully submitted,
>  WHELAN & DeMAIO, P.A.
>  Counsel for Plaintiff
>  Suite 500
>  1401 Brickell Avenue
>  Miami, Florida 33131
>  (305) 374-0506
>  (305) 374-0456 (facsimile)
>
>  By: _____
>  DAVID M. DeMAIO
>  Florida Bar No. 886513

Case No. 98-363-CIV-GRAHAM

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed this 11th day of March 1998 to Nancy A. Davis, Assistant Secretary, on behalf of Schering-Plough Corporation and Schering Sales Corporation, One Giralda Farms, Madison, New Jersey 07940-1000, and to C.T. Corporation Systems, Registered Agent for Key Pharmaceuticals, Inc., 1200 South Pine Island Road, Plantation, Florida 33324.

DAVID M. DeMAIO

WHELAN & DeMAIO P.A. • 1401 Brickell Avenue, Suite 500 • Miami, FL 33131 • TEL: (305) 374-0506